■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PELZER, Appellant. [982 NYS2d 316]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J., at hearing; Roger S. Hayes, J., at jury trial and sentencing), rendered May 18, 2012, convicting defendant of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant's arrest was supported by probable cause (*see generally People v Carrasquillo*, 54 NY2d 248, 254 [1981]), which does not require proof beyond a reasonable doubt (*Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]). The victim's identification of defendant from a photo array need not be made with complete certainty to give rise to probable cause (*see People v Rhodes*, 111 AD2d 194 [2d Dept 1985]). Furthermore, the arresting detective was also aware that defendant had previously committed a similar burglary on the same block. Even if these burglaries were not so similar as to demonstrate a distinctive modus operandi, the prior burglary tended to provide corroborating evidence supporting probable cause. The discrepancies between defendant's appearance and the victim's description of the burglar were not so significant as to undermine probable cause under the totality of circumstances.

Defendant's arguments concerning trial evidence and the court's charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Mazzarelli, Renwick, Feinman and Gische, JJ.